BARFIELD, Judge.
In this appeal, the employer/carrier contest the award of wage loss benefits for the periods from September 8, 1991 through June 30, 1992; September 1, 1992 through March 5, 1992; and August 21, 1993 through September 4, 1993, on the grounds that wage-loss forms were not timely submitted under section 440.15(3)(b)2, Florida Statutes (1991). We reverse.
Following a compensable injury, claimant was able to return to the work force at a job paying less than he earned before his injury. His loss of earning capacity would entitle him to wage loss benefits, if those benefits were timely requested. Claimant raised no issue that he was not properly informed of the statutory requirements for recovering wage loss. He only contends that the 14 day mailing requirement of section 440.15(3)(b)2 does not apply to him because he had a job and did not have to conduct a job search. The judge of compensation claims erred in ruling for the claimant on this issue.
Section 440.15(3)(b)2 provides, in pertinent part, as follows:
Wage-loss forms and job search reports are to be mailed to the employer, carrier, or servicing agent within 14 days after the time benefits are due.
The language is clear and unambiguous. It does not provide that wage-loss forms need be mailed within 14 days only when accompanied by job search reports. Each form is governed by the 14 day mailing requirement.
The final order is reversed and the case is remanded to the judge of compensation claims with directions to deny benefits to claimant for all claims mailed more than 14 days after the benefits were due.
ERVIN and JOANOS, JJ., concur.